J-S43007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIE MAURICE HARRIS | : | |
| | : | |
| Appellant | : | No. 20 WDA 2020 |

Appeal from the Order Entered November 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003121-1997

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 22, 2021**

Appellant, Willie Maurice Harris, appeals from the trial judge's order that corrected an error in a prior sentencing order.  We affirm.

Appellant was charged with one general count of Criminal Homicide, 18 Pa.C.S. § 2501(a), in the shooting death of Roderick McMahon.[1]  Following a jury trial, Appellant was convicted of first-degree murder on August 7, 1997, and was sentenced on September 4, 1997, to "undergo imprisonment in the State Correctional System for the period of his natural life, without parole…."  The Sentencing Order stated in full:

---

[1] The charge in full read: "The actor intentionally, knowingly, recklessly or negligently caused the death of Roderick McMahon another human being, in violation of Section 2501(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. §2501(a)."  Criminal Information, 4/18/97, at 1.

> AND NOW, to-wit, this 4th day of September, 1997, pursuant to 42 Pa.C.S.A. §9715, [Appellant] is sentenced to undergo imprisonment in the State Correctional System for the period of his natural life, without parole; and he is remanded to the Diagnostic Clinic of the State Correctional Institution at Pittsburgh to be assigned to such institution as may be deemed appropriate by the Pennsylvania Department of Corrections.

Sentencing Order, 9/4/97, at 1. After Appellant's judgment of sentence was affirmed by this Court on August 6, 2004, the Supreme Court granted allowance of appeal but ultimately dismissed the appeal. ***Commonwealth v. Harris***, 860 A.2d 1129, 682 WDA 2002 (Pa. Super. filed August 6, 2004) (unpublished memorandum), *appeal granted,* 868 A.2d 1198, 455 WAL 2004 (Pa. filed February 11, 2005), *appeal dismissed as improvidently granted*, 915 A.2d 626, 3 WAP 2005 (Pa. filed February 20, 2007).[2]

On November 20, 2019, the trial court, *sua sponte,* filed a correction of the original sentencing order. The amended sentencing order stated:

> AND NOW, to-wit, this 20th day of November, 2019, it is hereby ORDERED, ADJUDGED and DECREED that the Order entered in the above-captioned case dated September 4, 1997, referring to 42 Pa.C.S.A. §9715, be and hereby shall be corrected to reflect the proper Statute, that being, 42 Pa.C.S.A. §9711.

Amended Sentencing Order, 11/20/19, at 1. Appellant filed a notice of appeal on December 17, 2019. Appellant and the trial court complied with Pa.R.A.P. 1925. In its Pa.R.A.P. 1925(a) opinion, the trial court explained: "[T]he Order entered on November 20, 2019, correct[ed] a clerical error with regard to the

---

[2] There is further significant procedural history that is not relevant to the issues on appeal.

sentencing statute from 42 Pa.C.S.A. § 9715 to 42 Pa.C.S.A. § 9711." Trial Court Opinion, 1/7/20, at 1.

On appeal, Appellant presents the following issues, which we restate *verbatim*:

> I.  WHERE THE SENTENCING STATUTE AT 42 Pa.C.S. § 9711, ONLY PROVIDES FOR SENTENCING RENDERED BY JURY VERDICTS AS TO CRIMINAL OFFENSES AND THEN SENTENCING, DID THE STATE UNLAWFULLY TRY DEFENDANT FOR AN OFFENSE WHERE NO PENALTY ATTACHED AT FIRST DEGREE MURDER, WHEN THE DEATH PENALTY IS NOT BEING SOUGHT?
>
> II. IS 42 Pa.C.S. § 9711, APPLICABLE TO OFFENDER WHERE THE DEATH PENALTH IS NOT BEING SOUGHT AND CAN A DEFENDANT BE CONVICTED OF 1 DEGREE MURDER, WHERE ORIGINAL OFFENSE NOTICED UPON WAS CRIMINAL HOMICIDE AT 18 Pa.C.S. § 2501, AND WHERE NO PENALTY ATTACHES THERETO AND DOES SUBSUMING THE CONVICTION UNDER FIRST DEGREE STATUTE AT 42 Pa.C.S. § 9711, RENDER THE ENTIRE CONVICTION NUGATORY?
>
> III.  DID THE SENTENCING COURT ERR IN IT'S APPLICATION OF THE DEATH PENALTY SENTENCING STATUTE WHERE THE DEATH PENALTY WAS NOT BEING SOUGHT?
>
> IV.  DID THIS COURTS INVOCATION OF 42 Pa.C.S. § 9711, IMPLICATE DOUBLE JEOPARDY CLAUSE, WHERE THE JURY WAS RELEASED WITHOUT HAVING RENDERED IT'S SENTENCING VERDICT IN ACCORD WITH THE PROVISIONS STRICTLY SETFORTH BY THE STATE LEGISLATURE AT Pa.C.S. § 9711 SEQ.?…

Appellant's Brief at viii.

Section 9715 of the Sentencing Code provides, in relevant part, as follows:

**§ 9715. Life imprisonment for homicide**

**(a) Mandatory life imprisonment.--**Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9715(a).

Section 9711 of the Sentencing Code provides, in relevant part:

**§ 9711. Sentencing procedure for murder of the first degree**

**(a) Procedure in jury trials.**—

(1) After a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment.

(2) In the sentencing hearing, evidence concerning the victim and the impact that the death of the victim has had on the family of the victim is admissible. Additionally, evidence may be presented as to any other matter that the court deems relevant and admissible on the question of the sentence to be imposed. Evidence shall include matters relating to any of the aggravating or mitigating circumstances specified in subsections (d) and (e), and information concerning the victim and the impact that the death of the victim has had on the family of the victim. Evidence of aggravating circumstances shall be limited to those circumstances specified in subsection (d).

(3) After the presentation of evidence, the court shall permit counsel to present argument for or against the

sentence of death. The court shall then instruct the jury in accordance with subsection (c).

(4) Failure of the jury to unanimously agree upon a sentence shall not impeach or in any way affect the guilty verdict previously recorded.

\* \* \*

**(f) Sentencing verdict by the jury.—**

(1) After hearing all the evidence and receiving the instructions from the court, the jury shall deliberate and render a sentencing verdict. In rendering the verdict, if the sentence is death, the jury shall set forth in such form as designated by the court the findings upon which the sentence is based.

(2) Based upon these findings, the jury shall set forth in writing whether the sentence is death or life imprisonment.

42 Pa.C.S. § 9711(a), (f).

Here, Appellant was convicted of first-degree murder and was sentenced to life in prison without parole. This sentence was not unlawful, as alleged by Appellant. 42 Pa.C.S. § 9711. In fact, both Sections 9715 and 9711 address sentences for life imprisonment for homicide. 42 Pa.C.S. §§ 9711, 9715. Section 9715, however, pertains to life imprisonment following a conviction of third-degree murder or voluntary manslaughter with a previous statutorily identified conviction.

In the case *sub judice*, Appellant was convicted of first-degree murder. Thus, 42 Pa.C.S. § 9715 is not relevant to Appellant's sentence. Section 9711 addresses sentences of either life imprisonment or the death penalty for

individuals convicted of first degree murder. 42 Pa.C.S. § 9711. Accordingly, 42 Pa.C.S. § 9711 is the proper statutory provision that should have been referenced in Appellant's sentencing order. Thus, the inclusion of Section 9715 in Appellant's original sentencing order appears to have been clerical error only. The amended sentence did not impose upon Appellant an illegal sentence. Appellant's sentence of life imprisonment under 42 Pa.C.S. § 9711 was lawfully imposed following his conviction of first-degree murder.

Furthermore, we note the inherent power of a trial court to correct a clerical error in one of its orders. "It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505[3] for the modification of orders." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011) (internal citation omitted). "As a matter of general guidance, our Supreme Court has sanctioned the use of the inherent authority in cases that involve clear errors in the imposition of sentences that were incompatible with the record or black letter law." ***Id.*** at 473.

The trial court had the authority to amend the original sentencing order. By changing the statutory citation referenced in the order, the trial court did

---

3 42 Pa.C.S. § 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." ***Id.***

not resentence Appellant, but rather, identified the correct provision by which Appellant had been sentenced. Thus, we cannot agree with Appellant that the trial court's amended sentencing order imposed upon him an illegal sentence. Moreover, the trial court did not abuse its discretion in correcting the clerical error in the original sentencing order by issuing the amended sentencing order. Appellant is entitled to no relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2021